## DOMMERICH v. GARFUNKEL et al.

(City Court of New York, General Term. June 29, 1899.)

SALES—BREACH OF WARRANTY—MEASURE OF DAMAGES.

Where warranty of goods sold to be made up into garments was broken, the buyer's recovery should not be limited to the difference between the value of the inferior goods and the price to be paid, but, having made the material into garments, he should be allowed to show that, owing to the quality of the material, the garments could not be sold, and had no value.

Appeal from trial term.

Action by Louis F. Dommerich against Morris Garfunkel and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Henry L. Franklin, for appellants.

Max D. Steuer, for respondent.

CONLAN, J. The action was brought by the plaintiff to recover the agreed purchase price for goods sold and delivered to the defendants, and all the allegations of the complaint are admitted. The defendants, for their answer, set up an express warranty with respect to the quality of the goods, and a breach thereof by the plaintiff, and ask for an affirmative judgment therefor. It appears that the materials sold were for the purpose of being manufactured into garments by the defendants, to be resold by them for their own account; and it is claimed by the latter that such material was wholly insufficient for the purpose, and that such insufficiency was not capable of discovery until after the material had been made up, and the garments so manufactured had been in use for a while by the wearer, when the cloth was found to be incapable of holding seams and the buttonholes; and that, therefore, the material was of no use to the defendants. A portion of the material so delivered had been returned after some of the garments had been received back by the defendants from their customers, and the plaintiff gave credit therefor. It is insisted by the defendants that the court erred in its ruling upon the question as to what was recoverable by way of damages, in so far as it excluded evidence tending to show that the material was utterly worthless for the purpose for which it was warranted and purchased, namely, to be manufactured into cloaks; and also that the court erred in charging the jury that they must, in any event, find a verdict for the plaintiff, and fix the amount of recovery at a sum to be ascertained by deducting the actual value of the cloth for the purpose intended from the price at which the same was sold to the defendants. The charge of the learned trial justice on this branch of the case, as submitted to the jury, was as follows: "So, therefore, if you determine there was a warranty, and determine that he places the correct value on those goods, then it would appear that the damage done to the defendant by reason of this sale would be at the rate of eighty-five cents a yard, and, there being two hundred and forty-nine yards sold, then his damage would not be over the sum of two hundred and eleven and .65/100 dollars." Therefore, whether there was a warranty or not, the plaintiff is entitled to a

verdict for at least the difference between the amount claimed, $655.62, and the sum of $211.65, and the jury subsequently found a verdict of $634.78, but by what method of calculation they reached this conclusion does not very satisfactorily appear, for at the conclusion of the charge the following appears in the record as having taken place: "Plaintiff's Attorney: In any event, the verdict must be for plaintiff for four hundred and thirty-three and $97/100$ dollars? The Court: If that is the difference." We think it now appears that under this precise ruling of the court below, as we have just given it, the plaintiff could get no more than $433.97, and with that sum it also appears the plaintiff was satisfied. Upon what theory, therefore, the jury found a verdict in a much larger amount, we are unable to discover; but we must consider further the ruling itself, for it is upon the correctness or incorrectness of this that any judgment at all could have been awarded to the plaintiff, for we are of the opinion that the warranty was sufficiently established. It will be seen that the material in question was to be manufactured into garments, and the garments sold. It does not require a very great stretch of imagination to ascertain that this manufacture required some additional outlay by the defendants for labor and other materials which entered into the garments, and that, therefore, if the garments thus made of the cloth could not be sold or used, then the material had no value in the hands of the defendant. No fault had been found with the manner of workmanship or style of the garments, and, indeed, the only objection that appears to have been seriously made by the plaintiff to a return of all the material was that, unless the mill made the loss good to the plaintiffs, the latter could make no allowance therefor to the defendants. We think the defendants were entitled to acquaint the jury with the actual damages they are alleged to have sustained, and that evidence tending to prove the same was properly offered, and its exclusion was to the prejudice of the defendants' case.

In the case of Parks v. Tool Co., 54 N. Y. 587, it was well said:

"If the parties considered at all the consequences which would flow from defects in the quality of the steel, they could not have failed to see that the result would be that the defendants would expend their time and labor and money in making axes, which, when made, would be worth less than they would have been if made of material equal in quality to the requirements of the warranty."

And further, in the same case (page 593), where the court said:

"It would be wholly illusory to confine the defendant to the difference in value between the steel he received and the steel as good as the warranty called for."

We think that under the authority of the language just quoted the limit which the court at the trial term fixed was too narrow, and that the defendants should have been permitted, under the pleadings, to have given evidence as to what was the actual damage, direct and immediate, from the breach of the warranty; and, as the limit thus fixed must be held to have affected the minds of the jury in their deliberations, we think there should be a new trial, with costs to the appellants to abide the event. All concur.